UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| WESLEY TURK, | |
| Petitioner, | Civil Action No. 6:11-00047-KSF |
| v. | |
| ERIC D. WILSON, *Warden*, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Wesley Turk, confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2]. As Turk has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

Turk alleges that he should be released from custody because his 1995 federal car-jacking conviction and related firearm conviction violated the United States Constitution. Because Turk failed to avail himself of a prior available remedy, and because he fails to

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

establish either that he is actually innocent of the charges to which he pled guilty, or that he is otherwise entitled to relief under § 2241, his petition will be denied, and this action will be dismissed with prejudice.

## FEDERAL CONVICTION AND PRIOR § 2241 PETITION

On January 31, 1995, Turk pled guilty in federal court in Missouri to carjacking and use of a firearm during a violent crime, in violation of 18 U.S.C. §§ 2119 and 924(c)(1), respectively. *See United States v. Turk*, 4:94-cr-00263-CEJ (E.D. Mo.) (the "Trial Court"). On May 12, 1995, he was sentenced to a term of life imprisonment on the carjacking charge and to sixty months' imprisonment on the firearm charge. Turk neither appealed his conviction nor filed a motion in the Trial Court to vacate his sentence pursuant to 28 U.S.C. § 2255.

On February 10, 2011, six days after filing the instant §2241 petition, Turk filed a § 2241 petition in the Trial Court seeking relief from his sentence. *See Turk v. United States*, 4:11-cv-00276-CEJ (E. D. Mo.) (the "Missouri § 2241 Petition"). Turk argued in the Missouri § 2241 Petition that, because his requests for transcript copies had been denied at various levels, he was unable to file a § 2255 motion in the Trial Court within the one-year limitations period, and thus his § 2255 remedy was inadequate to challenge his conviction and sentence.

He also argued that his guilty plea was invalid and that he had received ineffective assistance of counsel. On February 24, 2011, the Trial Court dismissed the Missouri § 2241 Petition, finding that Turk's § 2255 remedy had not been inadequate to challenge his conviction merely because he had allowed the one-year statute of limitations to expire, and that the alleged denial of access to documents did not excuse Turk's failure to file a § 2255 motion.

2

## CLAIMS ASSERTED IN THE § 2241 PETITION

In the instant § 2241 petition, Turk asserts four challenges to the legality of his conviction, all of which he unsuccessfully raised in the Missouri § 2241 Petition. Turk's first three claims fall under the Fifth Amendment of the United States Constitution, which guarantees due process of law.

First, Turk alleges that his § 2255 remedy in the Trial Court was inadequate to challenge his conviction because he was unable to file a § 2255 motion within the one-year limitations period. He states that between 2004 and 2006, the Trial Court and the Department of Justice ("DOJ") repeatedly denied his requests for copies of the transcripts, police reports, and the victim's medical records. Turk claims that these denials violated the Freedom of Information Act ("FOIA") , 5 U.S.C. § 552a.

Second, Turk alleges that his guilty plea was invalid because the police threatened him and coerced him to confess, and because he suffers from several mental conditions which rendered him unable to make a knowing and voluntary guilty plea. Third, Turk challenges sufficiency of the testimony and evidence used to convict him at trial, arguing that the government failed to meet its burden of proof under the carjacking statute, 18 U.S.C. §§ 2119.

Turk also challenges his conviction under the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel. Turk alleges that his trial counsel rendered ineffective legal assistance by failing to seek a continuance in order to investigate his background and social history; failing to request that he (Turk) undergo a mental evaluation; failing to challenge the fact that the police coerced his confession; failing

3

to advise him (Turk) that his taped confession could be used against him; failing to seek a downward departure of his sentence under the federal sentencing guidelines; and finally, by failing to file an appeal on his behalf.

**DISCUSSION**
1. <u>28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective</u>

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The petitioner carries the burden of demonstrating that the savings clause applies. *Charles*, 180 F.3d at 756. The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ... or because the petitioner

4

is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate.

*Id*.

Turk is not entitled to relief under § 2241 simply because he allowed the one-year statute of limitations for filing a § 2255 motion to expire. Turk was sentenced in the Trial Court on May 12, 1995, but he alleges in the instant § 2241 petition that he did not begin requesting the allegedly exculpatory trial transcripts, police records, and medical records, until 2004-2006, some ten years after being sentenced. As the Trial Court correctly determined when dismissing the Missouri § 2241 Petition, the § 2255 remedy is not inadequate or ineffective merely because the one-year statute of limitations has expired. *See Charles*, 180 F. 3d at 758. Turk's alleged denied access to the various documents which he states that he requested neither excuses his failure to pursue his § 2255 remedy in the Trial Court, nor renders that remedy inadequate or ineffective as a means of challenging his conviction.[2]

Further, within a year of being sentenced in May 1995, Turk either knew, or reasonably

---

[2] Turk alleges that by denying him access to various records he requested under the FOIA, the DOJ and the Trial Court violated his Fifth Amendment due process rights, which he alleges is an actionable claim. However, such a claim cannot be asserted in a § 2241 habeas proceeding, but must instead be brought in a separate civil rights action under 28 U.S.C. § 1331. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Further, before filing such an action, which may be time-barred, Turk must administratively exhaust his FOIA claims under 5 U.S.C. § 552(a); *see also In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986). Even then, Turk is advised that the Government is not required to disclose records concerning "matters that are ... personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

should have known, of both his Fifth Amendment claims (that the government failed to carry its burden of proof on the carjacking charge; that his confession was coerced; and that his guilty plea was involuntary), and his Sixth Amendment claims (that his trial counsel allegedly rendered ineffective assistance), and could have filed a timely § 2255 motion in the Trial Court asserting those claims. Yet Turk did not collaterally assert these claims until 2011.

Again, a § 2255 motion is not inadequate merely because the petitioner is procedurally barred from pursuing relief under § 2255. *Charles*, 180 F.3d at 756-758; *accord United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000). The remedy provided by § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758. Turk's failure to file a § 2255 motion in the Trial Court does not establish that the remedy was inadequate or ineffective to collaterally challenge his conviction.

2. No Showing of Actual Innocence

A petitioner can also invoke the savings clause when he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). But actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). A § 2241 petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Sixteen years after pleading guilty to the carjacking charge, Turk now alleges that he

6

is "actually innocent" of the offense because the government failed to prove all elements of that charge. This claim fails because a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir.1999)); *see also United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005). As discussed, Turk waived his right to collaterally challenge the validity of his guilty plea by failing to file a § 2255 motion in the Trial Court within a year of being sentenced, and presenting no valid excuse in this § 2241 petition for having failed to do so.

Turk's Sixth Amendment challenge, attacking the adequacy of his trial counsel's representation, also fails to establish a claim of actual innocence. As the Sixth Circuit explained in *Charles*, claims alleging that the trial process, in which a petitioner was convicted, was constitutionally flawed are not claims of "actual innocence," by which the courts mean a claim that the petitioner's conduct did not violate the terms of the statute defining the offense under which the petitioner was convicted. *Charles*, 180 F.3d at 757 (finding that the petitioner's claim that his guilty plea was coerced and uninformed, and that his counsel's assistance was ineffective, were not claims of actual innocence); *see also Saint v. Stine*, No. 6:05-cv-531-DCR, 2006 WL 197058, at *5 (E.D. Ky. January 21, 2006) (same).

Further, Turk has not cited to an intervening change in the law that establishes his actual innocence. *See Bousley*, 523 U.S. at 620; *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual

7

innocence in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same).

In summary, Turk has not established that his § 2255 remedy in the Trial Court was an inadequate or ineffective means of challenging his 1995 carjacking and firearm conviction. Further, Turk has not shown that he is actually innocent of those charges, to which he pled guilty, or that a retroactively applicable Supreme Court decision affords him relief. For these reasons, Turk's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Wesley Turk's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(2) This action is **DISMISSED**, *sua sponte*, with prejudice; and

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Eric Wilson, Warden, USP-McCreary.

This June 27, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**